IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-61-D-1
No. 5:12-CV-142-D

| | |
|---|---|
| KALU KALU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On March 19, 2012, Kalu Kalu ("Kalu") filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 149]. In his section 2255 motion, Kalu asks the court to vacate his sentence, to recalculate his advisory guideline range, and to resentence him. See [D.E. 149] 13. Kalu requests an evidentiary hearing and asserts ineffective assistance of counsel in violation of the Sixth Amendment. Id. 4–10. On June 25, 2012, the government moved to dismiss Kalu's motion [D.E. 161]. On July 17, 2012, Kalu responded [D.E. 164]. As explained below, the court grants the government's motion to dismiss. Moreover, an evidentiary hearing is unnecessary because the submitted materials "conclusively show that [Kalu] is entitled to no relief." 28 U.S.C. § 2255(b).

On February 19, 2009, a grand jury indicted Kalu and charged him with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 371, in count one, and health care fraud aiding and abetting, in violation of 18 U.S.C. §§ 1347 and 2, in counts two through seventeen [D.E. 3]. On September 8, 2009, Kalu pleaded guilty, pursuant to a plea agreement, to counts one and three of his indictment [D.E. 53–54, 94]. On March 1, 2010, the court sentenced Kalu to 60 months' custody

on count one and 90 months' custody on count three to run concurrently, as well as $4,611,988 in restitution [D.E. 66, 69]. On March 25, 2010, Kalu filed a notice of appeal [D.E. 72]. On January 6, 2011, the Fourth Circuit dismissed Kalu's appeal based on the appellate waiver in Kalu's plea agreement. See [D.E. 121, 122]; cf. Mot. Dismiss Appeal at 4–5, United States v. Kalu, No. 10-4345 (4th Cir. Nov. 10, 2010), ECF No. 34. The Fourth Circuit denied Kalu's petition for rehearing en banc [D.E. 125]. On May 16, 2011, the United States Supreme Court denied Kalu's petition for a writ of certiorari. Kalu v. United States, 131 S. Ct. 2471 (2011).

Kalu makes five arguments in support of his section 2255 motion. First, Kalu contends that he received ineffective assistance of counsel when counsel failed to investigate facts or become familiar with Kalu's case. [D.E. 149-1] 7–8. Second, Kalu argues that he received ineffective assistance of counsel when counsel failed to "vigorously object" to the court's loss amount calculations and sophisticated means enhancement. Id. 9–13. Third, Kalu contends that he received ineffective assistance of counsel when counsel misrepresented Kalu's likely sentence. Id. 12. Fourth, Kalu argues that he received ineffective assistance of counsel when counsel misrepresented the nature of spousal privilege. Id. 14–15. Fifth, Kalu argues that he received ineffective assistance of counsel when his counsel spoke to the press about his case. Id. 16.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556

2

U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Missouri v. Frye, 132 S. Ct. 1399, 1409–10 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384–85 (2012); Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was "objectively unreasonable," a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects

of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. Id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

First, Kalu asserts that his counsel was ineffective for failing to investigate and become familiar with his case. The record belies this argument. See [D.E. 64]; [D.E. 111] 5–8, 20–25, 28–34, 47–56, 59–61. The court is not required to accept Kalu's "unreasonable conclusion" regarding his attorney's investigation and familiarity with Kalu's case. See Giarratano, 521 F.3d 302. Moreover, counsel is not required "to investigate every conceivable line of mitigating evidence." Tucker v. Ozmint, 350 F.3d 433, 440 (4th Cir. 2003) (quotation omitted). Kalu has failed to identify any aspect of his case that his counsel overlooked that would have altered his conviction or sentence. Thus, Kalu has failed to demonstrate prejudice. See Strickland, 466 U.S. at 687.

Second, Kalu alleges that his counsel was ineffective for failing to "vigorously object" to the loss amount calculation and sophisticated means enhancement. The record demonstrates that counsel in fact did object at sentencing on both of these grounds. See [D.E. 64] 4–11; [D.E. 111] 5–56. Indeed, Kalu's counsel prevailed on his objection to the loss amount calculation. See [D.E. 111] 54–55. Because Kalu's claim for ineffective assistance charges his counsel with failing to raise issues that counsel in fact did raise, Kalu has again failed to demonstrate ineffective performance or prejudice. See Strickland, 466 U.S. at 687. Insofar as Kalu objects to the manner in which his counsel raised and pursued these objections, these were tactical decisions which are "virtually unchallengeable" in a claim for ineffective assistance. Powell v. Kelly, 562 F.3d 656, 670 (4th Cir.

4

2009) (quotation omitted). Thus, Kalu has failed to show that counsel performed below an objective standard of reasonableness. See Van Hook, 558 U.S. at 7

Third, Kalu alleges that his counsel was ineffective for misrepresenting to Kalu his likely sentence. A petitioner cannot mount a successful claim of ineffective assistance based on counsel's inaccurate prediction of the petitioner's likely sentence where the court corrects such misinformation at the Rule 11 hearing. See United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Lambey, 974 F.2d 1389, 1391–96 (4th Cir. 1992) (en banc). At Kalu's arraignment, in accordance with Federal Rule of Criminal Procedure 11, the court advised Kalu of the maximum potential penalties associated with his convictions, the consequences of pleading guilty, and the fact that Kalu's sentence would be determined by the court. See [D.E. 94] 19–24. The court's Rule 11 colloquy cured the potential prejudice of any misinformation from counsel. See Foster, 68 F.3d at 88; United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam); Lambey, 974 F.2d at 1393–95.

Fourth, Kalu argues that his counsel was ineffective because counsel misrepresented the nature of spousal privilege. Kalu alleges that counsel informed Kalu that if he went to trial his wife and ex-wife would testify against him. [D.E. 149-2] 14. Kalu asserts that this advice misrepresented the rule of spousal privilege and was intended to coerce Kalu into pleading guilty. Id. 14–15.

The adverse spousal testimony privilege, which prevents one spouse from being compelled to testify against the other, is held by the witness spouse and may be waived by the witness spouse regardless of the defendant spouse's wishes. See United States v. Hall, 989 F.2d 711, 716 n.8 (4th Cir. 1993). Thus, Kalu's wife could have waived the privilege. Moreover, because Kalu was no longer married to his ex-wife, his ex-wife would have been unable to invoke the adverse spousal testimony privilege. See United States v. Medina-Castellanos, 359 F. App'x 404, 406 (4th Cir.

5

2010) (per curiam) (unpublished). The marital communications privilege, if applicable and properly raised, allows a defendant to prevent his or her spouse from testifying against the defendant regarding confidential communications between them. See United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995). However, this privilege covers only communications and not acts. See United States v. Parker, 834 F.2d 408, 411 (4th Cir. 1987). Additionally, no marital privilege attaches to marital communications in furtherance of the commission of a crime in which both spouses are participants. See Parker, 834 F.2d at 411. Kalu's wife and ex-wife were charged as co-conspirators in this case. See United States v. Kalu, 5:09-CR-61-D-2, [D.E. 3] (E.D.N.C. Feb. 19, 2009) (unpublished); United States v. Cornett, 5:09-CR-61-D-3, [D.E. 3] (E.D.N.C. Feb. 19, 2009) (unpublished). In sum, counsel's representation to Kalu that Kalu's wife and ex-wife would testify against him in his trial was a reasonable projection based on the relevant law. Kalu has failed to plausibly allege that counsel's advice fell below an objective standard of reasonableness. See Van Hook, 558 U.S. at 7; Thrasher v. United States, 721 F. Supp. 2d 480, 489 n.19 (E.D. Va. 2010).

Finally, Kalu alleges that his counsel was ineffective due to counsel's speaking to the press after Kalu's arraignment. See [D.E. 149-2] 4–5. Kalu argues that his counsel's statement that "there was a massive fraud in the Medicare system and that it is taking money away from tax payers" prejudiced him in the eyes of the United States Probation Office staff, who "are responsible for recommending [the] sentencing range." Id. 5. However, Kalu has failed to plausibly allege that anyone in the Probation Office heard about the statement, or that there was any prejudice to Kalu's sentencing recommendation. Moreover, even if counsel's statement affected probation's sentencing recommendation, the court determined Kalu's sentence and the recommendation did not influence the court. Cf. [D.E. 94] 22–24. Thus, Kalu has failed to demonstrate prejudice. See Strickland, 466 U.S. at 687.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Kalu's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, Kalu received representation consistent with the Sixth Amendment. Thus, the court GRANTS the government's motion to dismiss [D.E. 161], and DISMISSES Kalu's motion to vacate, set aside, or correct his sentence [D.E. 149]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The government shall file a response to Kalu's motion for reconsideration concerning his order of garnishment. See [D.E. 165]. The response is due May 31, 2013.

SO ORDERED. This 14 day of May 2013.

JAMES C. DEVER III
Chief United States District Judge